A. E. Lantz et al., Appellees, v. W. T. Goodwin, Appellant.

No. 40176.

June 23, 1930.

*Walter M. Davis,* for appellant.

*E. A. Baldwin,* for appellees.

EVANS, J.—I.  It appears without dispute that the defendant was a general contractor, who had entered into a contract to build a house for one Brooke at a specified price, and pursuant to certain plans and specifications agreed upon; that the plaintiffs were subcontractors, and that the labor and material contracted for by them was to be supplied by them as subcontractors, under the aforesaid principal contract.

That the plaintiffs failed in the first instance to comply with their subcontract is conceded by them as witnesses, but they contend that they supplied the deficiencies and amended their work and did finally complete the job in accordance with the contract.  It is undisputed, also, that the owner, Brooke, rejected their work, and that the defendant, under his contract with Brooke, did in fact supply the alleged deficiencies of the work of plaintiffs at considerable expense.

Several assignments of error are laid by the appellant. Only one of them impresses us as being entitled to discussion. For the purpose of showing the obligations assumed by the con-tractor to Brooke, the property owner, the defendant offered in evidence the contract entered into between him and Brooke.  The plaintiffs objected to this offer, on the ground that they were not bound by it; and this objection was sustained.  Error is assigned upon this ruling. The ruling is defended here on the ground that the plaintiffs had not seen the contract.  The defendant, as principal contractor, in effect sublet a part of his contract to the plaintiffs, as subcontractors.  They recognized themselves as such, and filed a mechanic's lien as such, although they are not foreclosing the same herein.  A principal contractor can get no benefit from his contract with a subcontractor unless the subcontractor complies

with the requirements of the principal contract. It is the generally accepted rule of law in such a case that the subcontractor impliedly undertakes to conform to the requirements of the principal contract in the performance of the subcontract. *Granette Prod. Co. v. Neumann & Co.*, 200 Iowa 572. The contract should have been received in evidence. The plaintiffs were bound by the standards of performance set in the principal contract. The rejection of the contract permitted the plaintiffs to recover as independent contractors, rather than as subcontractors. We think this was error.

II. It remains to consider how far the foregoing error could be deemed prejudicial. The contract price, as pleaded by the plaintiffs, was $570, upon which $250 had been paid. These

 figures were conceded by defendant, as a witness. The itemized extras totaled $76.20, and these items were all conceded by the defendant, as a witness. The real dispute in the evidence was over the question of performance, and over the defendant's counterclaim. In considering the prejudicial effect of the foregoing error, the counterclaim is to be regarded in two parts:

(1) The alleged deficiency of performance consisted, as alleged, in certain *daubing* of paints on a part of the job. Other painters were employed by the defendant to do that part of the work over. This involved an expense to the defendant of $72. As to this part of the counterclaim, the contract with the principal contractor, which was rejected by the court, was material for the consideration of the jury. Its rejection was presumptively prejudicial.

(2) The remainder of the defendant's counterclaim was not predicated upon a failure of performance of the subcontract. On the contrary, this part of the counterclaim was based upon the allegation that the plaintiffs had negligently ruined certain plate glass contained in windows and in French doors, and that this had resulted in the defendant's damage to the sum of about $400. The subcontract called for no work upon the plate glass to be done by the plaintiffs. Their alleged liability for this damage was predicated upon their independent negligence, in that they had carelessly scratched the glass with sandpaper and with steel wool while they were working upon the casings. The plain-

tiffs, both by their pleading and by their evidence, denied that they had been instrumental in any degree in the scratching of such plate glass. At this point, there was a clear issue of fact between the parties as to whether the plaintiffs had done the injury. If the injury was the result of plaintiff's negligence, then they were liable therefor as any other *tort-feasor* might be; and this is so without regard to the provisions of the subcontract. In such event, whatever injury was inflicted by the plaintiffs upon the plate glass, it was outside of the scope of the subcontract, which contained no reference to that subject. Their liability, if any, was not created under the terms of the subcontract, nor was there anything in the terms of such subcontract that would protect them against liability for negligent acts. The burden was, of course, upon the defendant to prove the tendered issue, that the plaintiffs did negligently commit the injury complained of.

It necessarily follows that as to this item of the counterclaim the rejection of the subcontract could work no prejudice to the defendant. The prejudice suffered by the defendant by the erroneous ruling was confined to the item of $72 above named.

In such state of the record, it is proper that the appellees be allowed to elect whether they will remit from their judgment the amount necessary to cure the error complained of. Such will be the order. If, within 30 days from the filing hereof, the plaintiffs shall elect to remit the amount first stated above, the judgment below will be affirmed on such condition; otherwise reversed.—*Affirmed on condition.*

DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.